UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>M. CLAY,<br><br>　　　　　　　　　Defendant. | Case No. 3:22-cv-00060-ART-CSD<br><br>ORDER |

Plaintiff Roberto Durand brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 1-1). On February 7, 2022, this Court ordered Durand to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before April 8, 2022. (ECF No. 3). The Court warned Durand that the action could be dismissed without prejudice if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline. (*Id.* at 3). That deadline expired and Durand did not file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee.

Because Durand submitted four incomplete applications to proceed *in forma pauperis*, all of which failed to include the required inmate trust account statement (*see* ECF Nos. 4, 5, 6, 7), the Court considered meaningful alternatives to dismissal and issued another order granting Plaintiff one final opportunity to submit an inmate account statement for the previous six-month period to the Court on or before May 13, 2022. (ECF No. 9). The Court also noted that, based on the representations in Durand's incomplete applications to proceed *in forma pauperis*, Durand might not qualify for *in forma pauperis* status and alternatively could choose to pay the $402 filing fee by the deadline. (*Id.* at 1). That deadline expired and Durand still did not submit an inmate account statement or pay the filing fee. Instead, Durand submitted another incomplete application to proceed

*in forma pauperis.* (*See* ECF No. 11).

## I.     DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Durand's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the

1    Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
2    992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
3    the party has disobeyed a court order does not satisfy this factor); *accord*
4    *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
5    "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
6    pursuit of less drastic alternatives prior to disobedience of the court's order as
7    satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
8    with the warning of dismissal for failure to comply[,]" have been "eroded" by
9    *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally
10   dismissing a case, but must explore possible and meaningful alternatives."
11   *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action
12   cannot realistically proceed until and unless Durand either files a fully complete
13   application to proceed *in forma pauperis* or pays the $402 filing fee for a civil
14   action, the only alternative is to enter a third order setting another deadline. But
15   the reality of repeating two ignored orders is that it often only delays the inevitable
16   and squanders the Court's finite resources. The circumstances here do not
17   indicate that this case will be an exception: there is no hint that Durand needs
18   additional time or evidence that he did not receive the Court's order. Setting a
19   third deadline is not a meaningful alternative given these circumstances. So the
20   fifth factor favors dismissal.
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Durand's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's February 7, 2022 and April 14, 2022, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Durand wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 15th day of July 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4